Tiieat, Justice, delivered the opinion of the court: (1) This was a bill in chancery filed by Bailey against Holdridge, for the specific performance of a contract to convey a tract of land. The bill alleges that Holdridge, in February, 1836, executed and delivered to the complainant a bond, conditioned, that if the complainant should pay the sum of $250, by the 1st of February, 1838, then Holdridge should make him a conveyance of the land. The bond purports to be set out in hcee verba in the bill, but was not filed with it. The bill further charges the full payment of the purchase money, and the refusal of Holdridge to convey. Holdridge answered, admitting that in February, 1836, he executed a bond to the complainant, but whether the same is truly set out in the bill he does not know, as he cannot'recollect its precise terms; and he denies payment as charged in the bill. A replication was filed, and the deposition of several witnesses taken, all relating, however, to the question of payment. The bond does not appear to have have been produced or '[* 126] proved, nor is it in any manner mentioned in the record, except the. reference to it in the bill. At the hearing tho court decreed that the defendant convey the land in question to the complainant. Holdridge brings an appeal and assigns the rendering of this decree as error. Two questions arise out of this assignment of error: first, was the bond before the court; and second, was the payment of the purchase money made out by the proof. The bond referred to in the bill, being the foundation of the complainant’s right of action, and its execution being denied by the answer, it was incumbent on the complainant to produce and file it as an exhibit, and prove its genuineness ; or if lost, make the necessary proof, by parol, of its genuineness and contents. It does not appear from the record that this was done. It is insisted, however, that an exhibit may be proved orally on the hearing, and that in this case the court should presume that the bond was produced, and so proved. -If such had been the.fact, the bond would have been endorsed by the clerk as filed, and made part of the record. It is true that exhibits, deeds, and other written instruments, relating to the cause, may be produced and proved viva voce on the hearing, where the party using them has omitted to establish their genuineness before the officer taking the proofs. Ponfiet v. Windsor, 2 Vesey, Sen. 472; Turner v. Burleigh,, 17 Vesey 355; Banlow v. Rheinlander, 1 Johns. Ch. R. 550 ; Consequa v. Fauning, 2 Johns. Ch. R. 481; 2 Fonblanque’s Eq. 467, and notes. With this exception, the testimony in contested chancery cases, unlike the evidence in cases at law, is in writing, consisting of the depositions of the witnesses and documentary evidence, and the presumption is, that all the testimony is inserted in the record, especially where the written testimony, which may be proven viva voce, is not placed on the files. It is not shown in fact, or by implication, that the bond was ever produced and proved ,* consequently it was not before the court; and without it the complainant was not entitled to a decree. As the cause was not ready for hearing, in consequence of this omission in the evidence, and as it must be remanded, with leave to either party to take further testimony, it would be improper to express an opinion on the question whether payment of the purchase money was made out. The decree of the circuit court is reversed, with costs, and the cause remanded, for further proceedings consistent with this opinion. Decree reversed. In this cause the appellee moved for a rehearing, for the purpose of enabling him to have the bond incorporated into the record, and certified to this court. The motion was refused. Catón, Justice, having been of counsel in this cause, gave no opinion.